IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:20-CV-34-RJ

| | |
|---|---|
| WILLIAM CHRISTIAN SHERWOOD,<br><br>    Plaintiff/Claimant,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | ORDER |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-23, -26] pursuant to Fed. R. Civ. P. 12(c). Claimant William Christian Sherwood ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is denied, Defendant's Motion for Judgment on the Pleadings is allowed, and the final decision of the Acting Commissioner is upheld.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for SSI on March 20, 2017, alleging disability beginning July 20, 2015. (R. 16, 194–202). His claim was denied initially and upon reconsideration. (R. 16, 90–124). A hearing before the Administrative Law Judge ("ALJ") was held on April 9, 2019, at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 35–89). At the hearing, Claimant amended his alleged onset date to

March 20, 2017. (R. 16, 205). On May 21, 2019, the ALJ issued a decision denying Claimant's request for benefits. (R. 13–33). On April 7, 2020, the Appeals Council denied Claimant's request for review. (R. 2–7). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 416.920a(e)(3).

In this case, Claimant alleges the ALJ erred in weighing the opinions of consultative examiners C. Craig Farmer, Ph.D. and Richard Bing, Ph.D. Pl.'s Mem. [DE-23-1] at 13–19.

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial

3

gainful activity since March 20, 2017, the application date. (R. 19). Next, the ALJ determined Claimant had the following severe impairments: gastroesophageal reflux disease, obesity, dysfunction of major joints (bilateral shoulders), personality disorder, neurodevelopmental disorders, depression disorder, bipolar disorder, post-traumatic stress disorder, and substance addiction disorder (marijuana). *Id.* The ALJ also found Claimant's substance use disorder is not material. *Id.* At step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19–26). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments had resulted in moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 20).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform light work[1] with the following limitations:

> [T]he claimant can frequently reach overhead bilaterally. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but never climb ladders, ropes, or scaffolds. The claimant can perform simple, routine and repetitive tasks but not at a production rate pace (e.g. assembly line work). The claimant can make simple work-related decisions and can interact with supervisors, co-workers, and the public occasionally. The claimant's time off task can be accommodated by normal breaks.

(R. 22–26). In making this assessment, the ALJ found Claimant's statements about his limitations "less persuasive" because they are inconsistent with the objective and other evidence in the case

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

record. (R. 25).

At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of his past relevant work as a tree cutter and tree helper. (R. 26). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 27–28).

## V. DISCUSSION

### A. The ALJ's Consideration of the Medical Opinion Evidence

Claimant contends the ALJ's mental RFC is unsupported by substantial evidence because the ALJ failed to properly weigh the opinions of the consultative examiners, Dr. Farmer and Dr. Bing. Pl.'s Mem. [DE-23-1] at 13–19.

When assessing a claimant's RFC, the ALJ must consider the opinion evidence. 20 C.F.R. § 416.945(a)(3). Regardless of the source, the ALJ must evaluate every medical opinion received. *Id.* § 416.927(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. *Id.* § 416.927(c)(1). Additionally, more weight is generally given to opinions of treating sources, who usually are most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability, than non-treating sources such as consultative examiners. *Id.* § 416.927(c)(2). When the opinion of a treating source regarding the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," it is given controlling weight. *Id.* However, "[i]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590.

If the ALJ determines that a treating physician's opinion should not be considered controlling, the ALJ must then analyze and weigh all of the medical opinions in the record, taking into account the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). An ALJ may not reject medical evidence for the wrong reason or no reason. *See Wireman v. Barnhart*, No. 2:05-CV-46, 2006 WL 2565245, at *8 (W.D. Va. Sept. 5, 2006). "In most cases, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand." *Love-Moore v. Colvin*, No. 7:12-CV-104-D, 2013 WL 5350870, at *2 (E.D.N.C. Sept. 24, 2013) (citations omitted). However, "[a]n ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)).

The ALJ determined that Claimant suffered from the mental impairments of personality disorder, neurodevelopmental disorders, depression disorder, bipolar disorder, post-traumatic stress disorder, and substance addiction disorder (marijuana), and that Claimant had moderate limitations in all the broad areas of mental functioning. (R. 19–20). In formulating the mental RFC, the ALJ considered Claimant's testimony, medical records, and the opinion evidence and weighed the consultative evaluations of Dr. Farmer, (R. 736–38), and Dr. Bing, (R. 346–49), as follows:

6

> Regarding consultative examinations, C. Craig Farmer, PhD, conducted a psychological evaluation of the claimant on July 1, 2017 (Ex. 8F). Dr. Farmer concluded the claimant was limited in his ability to understand, retain, and follow instructions; to sustain attention to perform simple repetitive tasks; to relate to others, including fellow workers and supervisors; and to tolerate stress and pressures associated with day-to-day work activity. The undersigned gives this opinion little weight. While the medical evidence clearly demonstrates mental limitations, Dr. Farmer's indication that the claimant was "limited" in certain mental functions fails to describe the nature or degree of the limitation.
>
> In a consultative examination performed on December 16, 2016, [by] Richard Bing, PhD, the claimant advised that his most significant mental health issue was irritability and "short-lived mood swings." (Exhibit 3F/2). The claimant also told Dr. Bing that, during the daytime, he tries to stay busy working around the house and in the yard. He also does cooking and cleaning. Upon examination, Dr. Bing concluded that the claimant demonstrated the ability to understand, retain, and follow instructions and sustain attention to perform simple, repetitive tasks. (Exhibit 3F/4)[.] Dr. Bing also determined that the claimant would have difficulty remembering information or making quick decisions. He further found that the claimant could relate appropriately with others. (Id.). The undersigned affords great weight to Dr. Bing's opinions, as they are consistent with the record as a whole and based on Dr. Bing's expertise.

(R. 24–25). The ALJ accounted for Claimant's mental impairments in the RFC by imposing limitations to simple, routine, and repetitive tasks at a non-production rate pace (e.g., no assembly line work); simple work-related decisions; and occasional interaction with supervisors, co-workers, and the public. (R. 22).

Claimant contends the ALJ should have given Dr. Farmer's opinion more than "little weight," despite its lack of specificity, because extensive evidence supports Dr. Farmer's opinion as to Claimant's limitations. Pl.'s Mem. [DE-23-1] at 14. Dr. Farmer opined that Claimant was "limited" in his ability to understand, retain, and follow instructions; to sustain attention to perform simple repetitive tasks; to relate to others, including fellow workers and supervisors; and to tolerate stress and pressures associated with day-to-day work activity. (R. 738). However, Dr. Farmer does not indicate the degree to which Claimant is limited in these areas. The ALJ's decision to afford the opinion less weight because it was vague in this regard was not error. *See Lamb v. Saul*,

7

No. 2:19-CV-26-FL, 2020 WL 6391097, at *4 (E.D.N.C. July 6, 2020) (finding no error where the ALJ gave a medical opinion little weight because it was vague as to specific functional limitations or their degree), *adopted by* 2020 WL 4784699 (E.D.N.C. Aug. 18, 2020). While Claimant cites *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018), for the proposition that the ALJ must discuss what aspects of an opinion he finds vague, here the ALJ clearly stated that it was Dr. Farmer's failure to describe the nature or degree of the Claimant's limitation in certain mental functions. (R. 24). Furthermore, the ALJ formulated an RFC that accounted for some limitation consistent with Dr. Farmer's opinion. The ALJ found that Claimant could perform simple, routine, and repetitive tasks but <u>only</u> at a non-production-rate pace (e.g., no assembly line work), requiring simple work-related decisions, and with limited interaction with others. The ALJ imposed these additional limitations to account for Claimant's "impaired mood and affect, uncooperative nature, limited insight and judgment, and impaired (RFC) memory and cognitive functioning." (R. 24). Accordingly, the ALJ sufficiently explained the weight afforded to Dr. Farmer's opinion and did not err in evaluating Dr. Farmer's opinion.

Claimant also contends that the ALJ erred in affording Dr. Bing's opinion great weight because it is no more specific than Dr. Farmer's opinion, the ALJ ignored limitations in Dr. Bing's opinion inconsistent with the RFC, and the ALJ mischaracterized Dr. Bing's opinion. Pl.'s Mem. [DE-23-1] at 16–18. Dr. Bing opined that Claimant demonstrated the ability to understand, retain, and follow instructions, to sustain attention to perform simple and repetitive tasks, and to relate appropriately to people; however, he qualified his opinion by suggesting that Claimant may have difficulty remembering information and making decisions based on that information in a quick fashion, that Claimant's interpersonal problems could continue to be an issue for him, and Claimant's ADHD symptoms could contribute to difficulties tolerating the stress and pressure of

8

day-to-day work. (R. 349). First, Dr. Bing's opinion is not vague as Claimant suggests. Dr. Farmer opined that Claimant was limited but provided no explanation regarding the degree of limitation. Dr. Bing opined that Claimant could perform simple repetitive tasks but explained that certain, specific issues could be problematic and explained how they could potentially further limit Claimant's abilities. The ALJ did not ignore these additional potential limitations suggested by Dr. Bing and did not mischaracterize Dr. Bing's opinion regarding Claimant's ability to interact with others; rather, the ALJ recognized and accounted for them by limiting Claimant to work at a non-production-rate pace (e.g., no assembly line work), requiring only simple work-related decisions, and by limiting Claimant's interaction with others. Accordingly, the ALJ sufficiently explained the weight afforded to Dr. Bing's opinion and did not err in evaluating Dr. Bing's opinion.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-23] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-26] is ALLOWED, and Defendant's final decision is affirmed.

So ordered, this the _12_ day of November 2021.

Robert B. Jones, Jr.
United States Magistrate Judge